# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRIE PENN | )<br>)<br>) |
| v. | ) CV 17-922<br>) |
| NANCY A. BERRYHILL | ) |

## OPINION AND ORDER

### SYNOPSIS

In 2012, Plaintiff protectively applied for disability insurance benefits and supplemental social security income, alleging mental and physical impairments including chronic obstructive pulmonary disease, sarcoidosis, and depression. Following hearing before an administrative law judge ("ALJ"), Plaintiff obtained a favorable decision, stating that she had been disabled since July 15, 2011. The Appeals Council decided to review the ALJ's decision, and stated that it intended to remand the matter for reconsideration of the onset date. In March, 2015, the Appeals Council vacated the ALJ's decision and remanded the matter. Following remand, the ALJ held a second hearing. He then issued a partially favorable decision, finding a date of onset of July 3, 2014. The Appeals Council denied Plaintiff's request for review. This appeal followed. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the

1

court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).   Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II. THE PARTIES' MOTIONS

First, Plaintiff challenges the ALJ's determination of her disability onset date. Plaintiff contends that the Appeals Council erred in usurping the ALJ's factfinding role, and then the ALJ failed to follow the Appeals Council's remand order. Plaintiff asserts that the onset date was July 15, 2011, when Plaintiff ceased working. In particular, Plaintiff argues that the ALJ should have sought a medical opinion about the onset date.

"The onset date is the first day an individual is disabled as defined by the Act, and is significant here in that it affects the period of time for which Plaintiff can be paid DIB." Buckley v. Comm'r of Soc. Sec., No. 09-4275, 2010 U.S. Dist. LEXIS 90067, at *30 (D.N.J. Aug. 31, 2010). Primarily, an ALJ's failure to query a medical advisor about onset date has been called into question when the alleged onset date is far in the past. For example, in Walton v. Halter, 243 F.3d 703 (3d Cir. 2001), a 1992 application alleged disability as of 1966; Beasich v. Comm'r of Soc. Sec., 66 F. App'x 419 (3d Cir. 2003), involved a 1996 application alleging disability as of 1981. Accordingly, our Court of Appeals has approved the failure to query a physician regarding onset, when the claim of an earlier onset created a time period of only three years, and medical evidence supported the Commissioner's onset date. Kirk v. Commisioner of Soc. Sec., 177 Fed. App'x 205, 208-09 (3d Cir. 2006). Indeed, the "directive to seek out the services of a medical advisor is limited to situations where the underlying disease is progressive and difficult to diagnose, where the alleged onset date is far in the past, and where medical records are sparse or conflicting." Bailey v. Comm'r of Soc. Sec., 354 F. App'x 613, 618 (3d Cir. 2009).

Here, Plaintiff's alleged onset date creates a time period of only three years; in addition, the ALJ assessed Plaintiff's medical records beginning in 2012, not long after her claimed onset

3

date. Further, medical evidence for the ALJ's determination of onset date supported that date. The selected onset date of July 3, 2014 corresponds with the date when testing documented Plaintiff's reduced breathing capacity, and lack of response to a bronchodilator; earlier records from 2013 showed good response to a bronchodilator. The ALJ's decision was supported by substantial evidence, and the ALJ did not err in assessing the date of onset.

Plaintiff further argues that the ALJ failed to follow the "slight abnormality" standard when assessing her depression as non-severe. In particular, she contends that the ALJ failed to follow SSR 96-3p, which provides that a non-severe impairment must be a "slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." She contends that the ALJ should have obtained a consultative exam to assess the impact of her depression, in combination with her other impairments. An ALJ has a duty to ensure a fully developed record; a consultative exam need not be ordered when the record contains sufficient evidence to make a decision. Ray v. Astrue, 649 F. Supp. 2d 391, 409 (E.D. Pa. 2009). The ALJ considered a record that contained adequate information regarding Plaintiff's mental health state, including records from her primary care provider. Based on the evidence of record, the ALJ's failure to seek additional evidence regarding depression was not in error; nor do I find any error in the ALJ's overall approach to Plaintiff's allegations of depression.

Next, Plaintiff contends that the ALJ erred in failing to accept the onset date offered by Dr. Anderson, a treating source. Plaintiff points to transcript p. 308 as evidence that Dr. Anderson treated Plaintiff since 2001; p. 308 does not suggest that fact. Moreover, Dr. Anderson did not state that Plaintiff was disabled since 2005; instead, when asked to identify the earliest that a questionnaire's descriptions of symptoms and limitations applied, she responded,

4

"sarcoidosis diagnosed in 2005." Assuming that it would be "reasonable to deduce" from Dr. Anderson's report that Plaintiff was then also disabled in 2011 is not the applicable standard for either this Court or the ALJ. "The mere existence of treatment records tending to support Plaintiff's claim does not undermine the ALJ's conclusions; the ALJ considered and weighed the entire record, and this Court is not permitted to reweigh the evidence." Ludrosky v. Berryhill, No. 16-1895, 2018 U.S. Dist. LEXIS 17011, at *6 (W.D. Pa. Feb. 2, 2018).

Plaintiff also appears to suggest that the ALJ failed to account for Dr. Anderson's opinions regarding the effects of fatigue and depression, the effect of Plaintiff's cough on her ability to work with the public, and that Plaintiff would not be able to work with others without disturbing them. Dr. Anderson, however, did not express opinions as to any such limitations. The ALJ considered her medical source statement, and explained why he rejected certain aspects of the statement and accepted others. His explanation and reasoning were appropriate. I find no error. Indeed, as support for her argument, Plaintiff points to her testimony during the hearing – her audible cough, and her testimony concerning the cough. Again, the fact that Plaintiff suffers from a particular medical condition does not alone translate to evidence of a particular work-related limitation. While an ALJ bears the burden of crafting an RFC, it is the claimant's burden to establish that her conditions result in functional limitations and disability. Davis v. Astrue, No. 11-17, 2012 U.S. Dist. LEXIS 2640, at *16 (M.D. Ala. Jan. 9, 2012). The ALJ must weigh all of the evidence – as he did in this case – and come to a decision. For similar reasons, the ALJ's exchange with the vocation expert, and alleged failure to consider whether Plaintiff's cough precluded her from working around other people, was not in error.

## CONCLUSION

The decision of the ALJ was supported by substantial evidence, and I find no error in his approach. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

Dated: May 24, 2018

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRIE PENN | ) |
| | ) |
| v. | ) CV 17-922 |
| | ) |
| NANCY A. BERRYHILL | ) |

## ORDER

AND NOW, this 24th day of May, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court